# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EMILY ROBB, TARYN PIANO,     :        No. 17-CV-00964
KELLY GERRITY, TAYLOR        :
PLOUSE, JACQUELYN BINGHAM, :
TAMIA ROACH, MACKENZIE     :
FARLEY, and KAYLA            :
BRATHWAITE, on behalf of       :
themselves and all similarly situated  :
individuals,                 :
                                :
           Plaintiffs,          :        (Judge Brann)
                                :
      v.                   :
                                :
LOCK HAVEN UNIVERSITY,     :
                                :
          Defendant.        :

## MEMORANDUM OPINION and ORDER

### JUNE 9, 2017

A cadre of female collegiate athletes—swimmers and field hockey players at Lock Haven University in Clinton County, Pennsylvania—have filed this Title IX action over the potential elimination, demotion, or reduction of certain of the University's female athletics teams and their resources. In addition to their Complaint, the women moved for a Temporary Restraining Order enjoining certain of the University's plans for the athletic department and requiring it to pursue certain others. For the following reasons, this Motion will be denied.

Federal Rule of Civil Procedure 65 governs the granting of injunctive relief such as temporary restraining orders and preliminary injunctions. Such relief, however, is extraordinary in nature and available only in limited circumstances.[1] The United States Court of Appeals for the Third Circuit has outlined four factors that a court ruling on a request for injunctive relief must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.[2] These same factors apply with equal force to a motion for a temporary restraining order.[3]

In *Reilly v. City of Harrisburg*, the Third Circuit recently clarified the burden on a party seeking issuance of a preliminary injunction.[4] The *Reilly* Court specified that a party seeking a preliminary injunction must first demonstrate that: (1) "it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not)," and (2), "it is more likely than not to suffer irreparable harm in the absence of preliminary relief."[5] The *Reilly*

---

1   *See American Tel. and Tel. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994), *cert. denied*, 514 U.S. 1103 (1995).

2   *Crissman v. Dover Downs Entertainment Inc.*, 239 F.3d 357, 364 (3d Cir. 2001).

3   *Bieros v. Nicola*, 857 F.Supp. 445, 446 (E.D.Pa.1994).

4   —F.3d—, 2017 WL 2272114 (3d Cir. 2017).

5   *Id.* at *4.

Court continued that "[i]f these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief."[6]

This morning, the Court heard argument from both parties as to the propriety of the motion for a temporary restraining order. Unfortunately for Plaintiffs, their justifications for emergency relief have sunk today instead of swum, or rather, have prematurely zipped past the legal goal posts, wide right. In *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992), the Supreme Court explained that "irreducible constitutional minimum of standing" requires "injury in fact": a concrete and particularized injury that is actual or imminent, but not conjectural or hypothetical. To that end, the Court is unconvinced at this juncture that all members of both teams will suffer the type of injury in fact contemplated by *Lujan* and that there is, as Plaintiffs suggest, no material difference between elimination of an athletics team altogether and, for instance, a reduction in the quantity or quality of an existing team's scheduled games.

However, assuming *arguendo* the satisfaction of this fundamental doctrine, I nevertheless find that Plaintiffs have failed to meet the burden necessary for this "extraordinary remedy."[7] I base this decision on Plaintiffs' failure to demonstrate

---

6  *Id.*

7  *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

irreparable harm. Specifically, I note that, per the Lock Haven University Athletics' Department Proposed Realignment Plan of March 6, 2017,[8] the demotion of the women's field hockey program from NCAA Division I to Division II competition level has been postponed for a year to allow an expanded review of the proposal, and the women's swim program will be continued for another academic year. While Plaintiffs nevertheless argue that uncertainty is harming both the recruiting of athletes and the scheduling of meets/games, any harm suffered prior to a final decision concerning elimination or demotion is speculative and reparable.[9] Therefore, because "speculative injury does not constitute a showing of irreparable harm,"[10] Plaintiffs have failed to sufficiently establish irreparable injury entitling them to injunctive relief. The Court need not examine the remaining factors as the test for injunctive relief is conjunctive.[11]

   **AND NOW**, in accordance with the above reasoning, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order is **DENIED**.

---

8   ECF No. 1-2, Exhibit E, at 16.

9   Furthermore, while Plaintiffs argue that harm to the swim group is imminent given the elimination of the full time coaching position, Defendant Lock Haven University responds that the position will be soon filled, as the application period is closing today.

10  *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980); *see also Public Serv. Co. of N.H. v. Town of West Newbury*, 835 F.2d 380, 383 (1st Cir. 1987).

11  *See Liberi v. Taitz*, 759 F.Supp.2d 573, 578 (E.D.Pa. 2010).

The parties are to inform the Court by the close of business on Monday, June 12, 2017 of agreeable dates for a preliminary injunction hearing.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge