# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMILY ROBB, TARYN PIANO, | : | No.: 17-CV-00964 |
| KELLY GERRITY, TAYLOR | : | |
| PLOUSE, JACQUELYN BINGHAM, | : | (Judge Brann) |
| TAMIA ROACH, MACKENZIE | : | |
| FARLEY, and KAYLA | : | |
| BRATHWAITE, on behalf of | : | |
| themselves and all similarly situated | : | |
| individuals, | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| LOCK HAVEN UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |

## CASE MANAGEMENT ORDER

### SEPTEMBER 28, 2017

Fed. R. Civ. P. 83(b) provides that "[a] judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." Pursuant to that authority, and in an effort to streamline proceedings, reduce unnecessary and costly motions practice, and "to secure the just, speedy, and inexpensive determination of every action and proceeding" before me, Fed. R. Civ. P. 1, this Standing Case Management Order (the "Case Management Order") shall govern in all proceedings assigned to me, until and unless expressly superseded. Although this Case Management Order places formal requirements on the manner in

which cases shall proceed, it is intended only to more effectively channel the efforts of litigants and allocate the resources of the Court.  Nothing herein is intended to modify or abridge any substantive rights of any litigant.

A. **EFFECTIVE DATE OF ORDER**

   a. This Case Management Order is effective upon filing as to any parties who already have appeared.

   b. If this Case Management Order is entered before the summons and complaint have been served upon all defendants, a copy of this Case Management Order shall be served upon any unserved defendants simultaneously with the summons and complaint, in any manner authorized by Fed. R. Civ. P. 4(c).

   c. If this Case Management Order is entered after the summons and complaint have been served upon all defendants, but before all defendants have appeared, plaintiff shall serve a copy of this Case Management Order on all defendants who have not yet appeared in a manner consistent with Fed. R. Civ. P. 5(b) and reasonably calculated to provide prompt, actual notice of this Case Management Order.  Such service is to be effected within three (3) business days of entry of this Case Management Order, unless good cause is shown as to why service cannot be effected within that time.

    d.  With respect to parties who had not appeared at the time of this Case

Management Order is issued upon the docket, this Case Management Order

is effective immediately upon receipt.  However, nothing herein is to be

construed so as to penalize any party who violates the terms of this Case

Management Order without having received actual notice of its contents.

See Fed. R. Civ. P. 83(b).

B.  **S**CHEDULE OF **D**ATES

    a.  Following the initial case management telephone conference call, a schedule

of  important dates follows, with details regarding the dates/deadlines is

delineated below:

| | | |
|---|---|---|
| i. | Final date for joining additional Parties: | November 28, 2017 |
| ii. | Final date for Plaintiff's amended pleadings: | November 28, 2017 |
| iii. | Discovery Deadline: | March 5, 2018 |
| iv. | Dispositive Motions Deadline: | May 1, 2018 |

        1.  Briefing deadlines follow Middle District Local Rules 7.6, and

7.7.

| | | |
|---|---|---|
| v. | Plaintiff's expert report due: | August 3, 2018 |
| vi. | Defendants' expert report due: | September 10, 2018 |
| vii. | Supplemental/rebuttal expert reports due: | September 24, 2018 |
| viii. | Expert Discovery Deadline: | November 3, 2018 |

ix.  Motions in Limine due:                          November 7, 2018

    1.  A supporting brief is to be docketing contemporaneously with

    the motion in limine.

x.  Pre-Trial Memorandum due:                   November 21, 2018

xi.  Proposed Voir Dire questions due:          November 21, 2018

xii.  Proposed jury instruction charge due:      November 21, 2018

xiii.  Final Pre-trial conference:                     November 28, 2018

    1.  Time to be determined.

xiv.  Jury Selection & Trial                         January 2019

    1.  Date certain to be determined.

C. **DISCOVERY**

  a.  Counsel shall not cease active discovery pending disposition of a motion to dismiss.

  b.  All fact discovery (expert witness discovery dates noted below) shall be completed by **March 5, 2018**, and shall be completed by the parties expeditiously and diligently.

  c.  Plaintiff's expert report(s) shall be due on or before **August 3, 2018**.

  d.  Defendants' expert report(s) shall be due on or before **September 10, 2018**.

  e.  Supplemental/Rebuttal expert witness reports shall be due on or before **September 24, 2018**.

- 4 -

f.  Discovery Disputes.   Pursuant to Fed. R. Civ. P. 16(b)(3)(B)(v), I require a telephone conference call before the filing of formal discovery motions and a request for an Order relating to discovery.  In the event a discovery dispute arises, counsel shall electronically file a letter on the docket apprising the Court of the general contours of the dispute.  Upon receipt of the letter, the Court will schedule a telephone conference call, or, alternatively, a conference, if deemed necessary.  In any event, no motion to compel shall be filed by any party without the express permission of the Court.

D. **<u>MOTIONS</u>**

a.  Dispositive motions shall be filed by **<u>May 1, 2018</u>**, with the submission of briefs within twenty-one (21) days thereafter, pursuant to Middle District Local Rules (LR) 7.4, 7.6 and 7.7.  If a dispositive motion is not filed on or before the aforementioned deadlines, the motion will not be accepted, absent prior leave of Court.  Briefs in support, in opposition and in reply to summary judgment motions may be up to 15 pages in length, pursuant to LR 7.8(b).   In multiple defendant cases, any defendant contemplating a dispositive motion shall confer with other defense counsel and shall agree to file joint motions and briefs whenever possible.  Those parties needing to brief separate issues may do so by filing separate briefs.  Parties filing motions for summary judgment shall comply with Middle District Rule 7.4.

E. **PRE-TRIAL MATTERS**

    a. Motions in limine and supporting briefs shall be filed no later than **November 7, 2018**.  Motions to exclude expert testimony, which require a Daubert hearing, shall be filed no later than thirty days from receipt of the expert report.

    b. On or before **November 21, 2018**, each party shall file a pretrial memorandum; said filing shall otherwise be in conformity with the local rules.  Failure to timely file pretrial memoranda will result in an appropriate sanction. *See* Fed. R. Civ. P. 16(f).

        i. THREE WEEKS prior to the date scheduled for the submission of the pretrial memoranda, counsel for the parties shall hold the attorneys' conference required by Local Rule 16.3.  This conference shall be face-to-face unless the Court, upon written request, approves another arrangement.  Failure of the plaintiff to initiate the holding of the conference or the defendant to respond to such initiative in an appropriate manner may result in the imposition of sanctions, including possible dismissal of the action.

    c. Proposed voir dire questions shall be due on or before **November 21, 2018**.

    d. Proposed jury instructions shall be due on or before **November 21, 2018**.

e. A pretrial conference will be held on **<u>November 28, 2018</u>** at a time to be determined, in my Chambers, United States Courthouse and Federal Building, 240 West Third Street, Suite 401, Williamsport, Pennsylvania. Counsel and litigants shall be present at this conference in order to have effective settlement discussions. Any other individual with settlement authority shall be available by telephone at the time of the pretrial conference.

   i. Local Rule 16.2, as it relates to settlement authority, will apply to this conference.

f. Counsel who will try the case shall attend the pretrial conference unless the Court, upon written request, approves the substitution of another attorney who is fully familiar with the case and has the settlement authority required by Local Rule 16.2. A copy of the local rules may be obtained on the district website at www.pamd.uscourts.gov (Court Information Tab) or from the Clerk of the Court by writing: Clerk of Court, United States Courthouse and Federal Building, Suite 218, 240 West Third Street, Williamsport, Pennsylvania 17701-6460.

g. At the pretrial conference, counsel for the plaintiff shall be required to set forth the elements of the particular type of claim (or claims) being made. Counsel for the defendant shall be required to identify any legal defenses

being made.  The Court shall then hold counsel for the parties to the course outlined at the pretrial conference.  The Court shall be apprised of any legal theories, claims and/or defenses at the time of the pre-trial conference in order to consider and evaluate them before trial.

h.   If counsel file trial briefs they must be filed two (2) working days prior to commencement of the trial list.

F.  **TRIAL**

a.  The captioned case is placed on the **January 2019** trial list.  Jury selection for trials on the **January 2019** list will commence at 9:30 a.m., on the date of trial, in Courtroom No. 1, Fourth Floor, United States Courthouse and Federal Building, 240 West Third Street, Williamsport, Pennsylvania.  Trials will commence following the completion of jury selections.  Counsel should note that criminal matters take priority and may delay the beginning of the civil trial list.

b.  In non-jury cases, counsel shall meet within four (4) weeks after the close of discovery and discuss settlement.  Subsequent to that meeting, counsel shall notify this court if they would like the assistance of the United States Magistrate Judge in conducting a formal settlement conference.

G. **MISCELLANEOUS MATTERS**

    a.  The Court issues this Order pursuant to Fed. R. Civ. P. 16.  The views of counsel of all represented parties, as to how and on what schedule pretrial matters should be conducted, have been solicited at the scheduling conference.  Counsel shall not mutually agree to extend any time periods covered by this Order, the local rules, or the Federal Rules of Civil Procedure without the approval of the Court.  Requests for extensions of the following time periods will not be granted except under exceptional circumstances and must comply with Local Rule 7.5.  All written requests for continuance of discovery deadlines or trial shall be signed by counsel in conformity with the Civil Justice Reform Act of 1990, 28 U.S.C. § 473(b)(3). Additionally, all requests for extensions of the discovery deadline must be made at least fourteen (14) days prior to the expiration of the discovery period.  The Court will entertain a conference call, if agreed upon by counsel, to resolve time period and discovery issues.

    b.  Should the parties jointly agree to employ a form of Alternative Dispute Resolution, they shall so notify the Court by letter filed on the docket.

    c.  Counsel are encouraged to consent to the disposition of this case by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

d.  Counsel should contact the Court through my Courtroom Deputy, Janel R. Noone, at 570-323-9772, regarding any inquiries you have concerning this case and its progress.  No contact should be made with my law clerks unless directed to do so by the Court.

e.  The provisions of this scheduling order may be modified by the Court sua sponte or on motion timely filed for good cause.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge